FROM CASWELL.
At the ensuing term of the Court the sheriff returned into Court the following instrument:
"John W. Grant acknowledges himself justly indebted to the State of North Carolina in the sum of two thousand dollars, and Matthew Mills and John Keese, his sureties, in the sum of two thousand dollars, to be levied of their goods and chattels, lands and tenements. Nevertheless to be void, on condition that John W. Grant shall make his personal appearance, etc., shall also keep the peace, etc. Given under our hands and seals.
"JOHN.W. GRANT, . S.
"JOHN KEESE. L. S.
"Teste — GEORGE WILLIAMSON, "MATTHEW MILLS L. S.
"THOMAS L. LEA."
A scire facias issued on this recognizance against Mills and Keese, it having been suggested on the records of the Court that George Williamson was sheriff of Caswell County. The defendants pleaded nul tiel record, on which issue was taken by the State.
NORWOOD, J., rendered judgment for the defendants, and Mr. Solicitor-General Scott, in behalf of the State, appealed to this Court.
Upon the principal question in this case, whether a sheriff can award process of the peace and take security for it by way of recognizance, there seems to be great doubt. Most respectable writers, Sergeant Hawkins and Sir William Blackstone, express themselves in the affirmative; and yet, in other parts of their works, they lay down positions from which the contrary is to be inferred. It seems certain *Page 362 
that the sheriff once possessed that authority, for his torn was a Court of record of extensive criminal jurisdiction, and it is incident to every judicial officer to take obligations of record. The power may also be imparted by statute to other magistrates, who are not judges. It (557) is in its nature, however, judicial, since its execution consists in making a record. This observation leads me now to remark that the obligation in this case cannot be valid, unless the sheriff,virtute officii, possesses the power. It cannot derive validity from any supposed authority conferred by the Court, which committed Grant to the sheriff's custody; for judicial powers cannot be delegated.
The authority to bail in England on indictments was taken from the sheriff by the statute of 1 Edw. IV, ch. 2, which, with several others, speaks of the extortions and oppressions practiced by them, and transferred the jurisdiction of the offenses, and by construction that of bailing, to the justices. From that time taking recognizances by sheriffs seems to have fallen into disuse, at least; whence a strong argument is drawn that the authority was annulled. In this State I never knew an instance before the present, nor, upon enquiry, have I been able to hear of one among the oldest of the profession. Our act of 1797 (Rev., ch. 474, sec. 4) gives authority to the sheriff and his deputy to "take bail in the nature of a recognizance," upon a capias issued on indictment found. Before that time, all persons arrested were carried before justices of the peace to be bailed. The statute is a strong legislative declaration that such power was not possessed before, and in its terms is confined to indictments found. Indeed, I am not aware that sheriffs in this State have any original judicial powers. Nor can they exercise any but upon writs, under which they preside at inquests, as in dower, ad quod damnum, and the like. Hawkins, 2 P. C., says that this power exists still, book 2, ch. 8, sec. 4. In Burghough v.Rosseter, 2 H. Bl., 418, it was held that he could not bail by obligation upon an indictment. Eyre, C. J., who thought he could, admits that he cannot take a recognizance. (Ib., 434.) Yet, Sergeant Williams thinks he can bail in this (558) last way (Posterne v. Hanson, 2 Saund., 59); while Mr. Chitty, after remarking that it has been supposed he may take a recognizance, but not a bond, says that he cannot, in any way, take on himself to let a prisoner at liberty on bail. (1 Crim. Law, 98.) Between authorities at once so respectable and conflicting, the Court will not assume to determine, unless it become absolutely necessary in the cause; and then, not without farther investigation. I confess, for myself, that I am not satisfied either way, but I incline against the authority. My impression is founded on the non user in England for several centuries, and its total non user here; the act of 1797; the great danger of allowing the person having the custody of prisoners to judge of their *Page 363 
offenses, and determine the propriety of imprisoning them; and the sum in which they shall give bail; a power of the abuse of which magna charta, and sundry other English statutes, afford abundant evidence; and not the least, on the provisions of the habeas corpus act, which plainly supposes the cause of commitment to be set down in a warrant in writing, to be returned with the prisoner; and on our act of 1715 (Rev., ch. 1), which enacts that no person shall be committed to prison for any criminal matter until examination had before some magistrate, who shall admit the party to bail, if bailable, and shall record the examination — a function to which the sheriff is altogether incompetent. Still, I will not say that the sheriff cannot take security of the peace by recognizance, for this case may be decided without. It is, however, at least, so doubtful as to render it safest that he should not exercise the power.
It is the opinion of the Court that this instrument is not a recognizance, but only an obligation in pais, because it only purports to be such. A recognizance is an obligation acknowledged of record before a Court, or some judicial officer, by whom it is drawn out and certified. It is not executed by parties, but acknowledged by (559) them. (1 Ch. Cr. Law, 72). The official character of the person before whom it is acknowledged must appear, as that it was done in Court, or before A. B., a justice of the peace, or sheriff. (3 Burns, Jus., 188.) The reason is that it may appear to be a record. It is not sufficient, therefore, that the person is an officer competent to act, but he must state himself to be acting officially. Here, although the instrument begins with an acknowledgment of a debt by the parties in the third person, in the usual form of a recognizance it does not say before whom it is acknowledged, and it concludes in the common form of bonds, "given under our hands and seals," and it is signed and sealed as a deed. It is then attested by George Williamson and Thomas L. Lea, as individuals, the former being, as stated in the case, the sheriff. What is to distinguish this instrument from other acts in pais? If this be a recognizance, then every obligation attested by a sheriff may be equally a record. His official character must be expressed in the act itself. The present bears every mark of not being one. This is not like Siler v.Ward, 4 N.C. 161, where the act in itself purported to be one, which, in a private capacity, the person could not do, and could do in his judicial character. It was referred to the capacity, in which alone it could be done. Precisely the reverse is the case here; and consequently, the contrary inference is to be drawn.
HENDERSON, C. J., concurred. *Page 364